[Civ. No. 10515. Second Appellate District, Division Two.—November 4, 1935.]

T. R. GABEL, Respondent, v. CHARLES N. MERRALLS, Appellant.

Euler & Subith for Appellant.

Loyd Wright and Charles E. Millikan for Respondent.

CRAIL, P. J.—This is an appeal from a judgment in favor of plaintiff on a promissory note executed by defendant in favor of plaintiff for the sum of $3,740 with interest. Defendant pleaded as special defenses the execution of the contract hereafter referred to and that there was no consideration passing from plaintiff to him for the note.

On the same day that the promissory note was executed, April 14, 1931, the parties entered into a contract by which plaintiff granted to defendant the option to purchase certain real property for a similar sum. The pertinent parts of said contract are as follows: "First: First party [plaintiff] hereby grants to the second party [defendant] the first option to purchase said real property for the sum of $3,740.00 plus interest . . . said option to extend and endure for a period of twenty-four months from date hereof. Second: If and in the event during said period of time second party obtains a purchaser for said property, then any and all moneys over and above $3,740.00 with interest . . . received by first party from said sale, shall be payable twenty-five per cent to first party and seventy-five per cent to second party." The promissory note is in ordinary form and contains in addition thereto the following clause: "Consideration of this note is option agreement dated April 14th, 1931. Should said agreement be satisfactorily consummated, this note is to be cancelled." The trial court found that the agreement never had been consummated and that the time to do so had expired.

Defendant makes two contentions on appeal: First, that the note and option should be read together as one agreement and that if so read together no liability attaches to the promissory note; and, second, that the evidence shows conclusively that there was no consideration for the promissory note.

■ Reading the note and the contract together as contended for by defendant, it is quite clear to us that defendant's contention that no liability attaches upon the promissory note is without merit. The note contains an unconditional promise to pay. Defendant reads the phrase "should said agreement be satisfactorily consummated, this note is to be cancelled" as though it read "should said agreement *not* be satisfactorily consummated this note is to be cancelled". Manifestly, under the plain language of the combined instruments defendant agreed to pay the money if the optional agreement were not consummated. No other construction may be reasonably placed upon the language used by the parties.

■ With regard to defendant's contention that there was no consideration for the note, defendant does not undertake to set up all of the evidence with regard to consideration, and it is not the duty of this court to search the record in an effort to reverse the judgment of the trial court. However, the evidence which defendant does set up is substantial evidence tending to sustain the finding of the trial court that the consideration for the note was the optional agreement. Furthermore, in the absence of successful contradiction, this consideration is apparent from the following provisions of the contract: First, there is the optional right granted to defendant to purchase the property during a period of two years and the forbearance of plaintiff for that period of time; second, there is the agreement that if in the event defendant obtains a purchaser for the property, then any and all money above the amount of the note should be payable twenty-five per cent to plaintiff and seventy-five per cent to defendant. Plaintiff's contention is without merit.

Judgment affirmed.

Wood, J., and Gould, J., *pro tem.*, concurred.